UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| OMOWALE A. SHABAZZ #244104 ) | |
| also known as FRED E. DEAN , ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:06-CV-77 |
| ) | |
| JAMES WORTHINGTON, FAYE JEFFERS, ) | |
| CORPORAL HALL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM and ORDER**

State prisoner Omawali A. Shabazz, also known as Fred E. Dean, has submitted a *pro se* complaint pursuant to 42 U.S.C. § 1983, as well as an application to proceed *in forma pauperis*. He has also filed what he has labeled as a "Memorandum of Law in Support of Plaintiff's Complaint Being Filed Under the In Forma Pauperis Statute Although Plaintiff Has Had Three Strikes under the Provisions of 28 U.S.C. § 1915(g)." As its title indicates, the memorandum relates both to the plaintiff's *in forma pauperis* application and to what has come to be known as the 3-strikes rule in 28 U.S.C. § 1915(g).

Under this rule, a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has, on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it

was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As the plaintiff recognizes, this statute is important because his litigation history, which includes the filing of at least four prior lawsuits in federal courts, which were dismissed as frivolous or for failure to state a claim, places him squarely within its provisions. *See Dean v. White*, Civil Action No. 3:1997-cv-0338 (E.D.Tenn. May 20, 1997) (dismissed as frivolous and for failure to state a claim); *Dean v. Carr*, Civil Action No. 2:1994-cv-0466 (E.D.Tenn. Jan. 26, 1995) (dismissed for failure to state a claim); *Dean v. Campbell*, Civil Action No. 3:1997-cv-0546 (M.D.Tenn. May 29, 1997) (dismissed as frivolous); and *Allen, et al. v. Conley*, Civil Action No. 2:1996-cv-2693 (W.D. Tenn. Nov. 22, 1996) (dismissed as frivolous). Indeed, the 3-strikes rule has been applied to the plaintiff by the Middle District, *Dean v. Campbell*, Civil Action No. 3:1999-cv-1118 (M.D. Tenn. Dec. 8, 1999 (dismissing the case under § 1997(g)'s three-strikes rule), *aff'd*, (6th Cir. Jun. 6, 2001) (Docket No. 00-5142), and by this Court as well. *See Shabazz v. Campbell*, Civil Action No. 3:05-cv-0513 (E.D. Tenn. Dec. 2, 2005) (same).

Therefore, because the plaintiff has had three or more previous cases dismissed by a federal court as frivolous, he must show that he is under "imminent danger of serious physical injury" to file this instant case. The plaintiff acknowledges that he is not alleging that he is in imminent danger of serious physical injury (Doc. 3, at 1), but contends, nonetheless, that application of the 3-strikes rule to him would violate his First Amendment right of access to the courts. In support of this argument, he cites to *Wilson v. Yaklich*, 148

2

F.3d 596 (6th Cir. 1998), where the Sixth Circuit held that the 3-strikes rule § 1997(g) was constitutional and did not trammel upon a prisoner's right of access to the courts. However, this holding contained the following caveat: "As long as a judicial forum is available to a litigant, it cannot be said that the right of access to the courts has been denied." *Id.* at 605. Not surprisingly, the plaintiff now claims that he has no available judicial forum in which to raise his claims and that applying § 1997(g) to him would necessarily deny him access to the courts.

As noted earlier, this Court dismissed the plaintiff's prior case based on the 3-strikes rule, and did so despite his making the same First Amendment challenge to § 1997(g). [*See* Docs. 3 and 5 in Civil Action No. 3:05-cv-513]. This issue has been resolved by the Court and will not be revisited here.[1]

Accordingly, because the plaintiff falls under § 1997(g)'s 3-strikes provision, he must prepay the full filing fee of two hundred and fifty dollars ($250.00) in order to file this action. His application to proceed *in forma pauperis* is **DENIED** [Doc. 1], and this case is **DISMISSED WITHOUT PREJUDICE**. 28 U.S.C. §1915(g).

Finally, the Clerk is **DIRECTED** to file the complaint, at this point, solely for the purpose of making a record and for statistical purposes.

---

[1] Apparently seeking a different resolution of the issue, the plaintiff has appealed the order of dismissal in Civil Action 3:05-cv-513. [Doc. 7, Notice of Appeal, Civil Action No. 3:05-cv-513].

ENTER:

                                          s/Thomas W. Phillips
                                    **UNITED STATES DISTRICT JUDGE**

4